[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENTAND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
On April 6, 1993, the plaintiff, Hartford Postal Employees Federal Credit Union, filed a two count complaint against the defendant, Colonial Penn Insurance Co., for damages arising when the defendant's insured, Marc Nissan, Inc., sold two vehicles without recording the plaintiff's lien on the certificates so title to the vehicles. CT Page 1180-A
Count one is a claim for subrogation pursuant to General Statutes § 38a-321 "Liability of insurer under liability policy." The plaintiff alleges that on or about May 1, 1987, the defendant issued to defendant automobile dealership, an insurance policy providing for garage liability and auto/title coverage. More specifically, it is alleged that the defendant agreed to pay all sums which the insured became legally obligated to pay as money damages caused by the insured's omission and/or error in failing to specify the lienholder and/or loss payee on certificates of title for automobiles it sold.
Plaintiff claims that on or about November 23, 1987, it suffered damages due to the insured's omission of the plaintiff's lien on the certificates of title to a 1988 Nissan Maxima XE and that on or about December 5, 1987, the plaintiff suffered additional damages due to the insured's omission of the plaintiff's lien on the certificate of title to a 1987 Nissan Stanza. The plaintiff alleges that the insurance policy was in effect when the insured omitted the plaintiff's CT Page 1180-B liens on the certificates of title to the Stanza and Maxima. In September, 1992, the plaintiff recovered judgments of $11,183.72 and $14,801.77, against the insured for omitting the plaintiff's liens on the Maxima and Stanza respectively.
The plaintiff brings count two as a creditor beneficiary alleging that by purchasing the policy, the insured intended to create a direct payment obligation for any damage caused by its omissions to parties injured thereby, including the plaintiff. Based on the policy between the insured and the defendant, the plaintiff has demanded payment for its losses arising out of the insured's breach of duty.
On November 30, 1993, the defendant filed a revised answer and two special defenses; the first alleging that the claim is time barred because the insured failed to give the insurer written notice of any error or omission within twelve months after the policy period as required in the policy; the second special defense alleging that the policy obligated the insured to promptly notify the insurer of any accident or loss and because the insured failed to provide such notice, the CT Page 1180-C plaintiff's claim is time barred.
On April 12, 1994, the plaintiff filed a reply claiming that notice to the defendant was not a condition precedent to recovery and that in any event the alleged failure to provide notice in no way prejudiced the defendant. Furthermore, the plaintiff argues that the occurrence, or liability producing event, occurred during the effective period of coverage, and any delay in reporting was a result of the plaintiff's attempt to initially repossess the vehicles.
On October 17, 1994, the plaintiff filed a motion for partial summary judgment as to count one on the ground that, the reporting requirement cannot operate to deny coverage where, as in this case, the insurer's ability to investigate the claim has not been materially prejudiced.
On October 20, 1994, the defendant filed a motion for summary judgment on the ground that it is undisputed that the defendant was not notified of the plaintiff's claim against the insured until after the period for notification specified CT Page 1180-D in the policy, and that the defendant has been prejudiced by the failure of its insured to provide such timely notice.
The defendant initially argues that the notice provision indicates that the coverage provided will be of the "claims made" variety and, therefore, not susceptible to the prejudice analysis set forth in Aetna Casualty Surety Co. v. Murphy,206 Conn. 409, 538 A.2d 219 (1988). If, however, the prejudice analysis set forth in Murphy is controlling, the defendant argues that it has been prejudiced by the failure of its insured to provide notice in a timely manner.
In response, the plaintiff argues that the coverage provided was of the "occurrence" variety and that indemnity is provided no matter when the claim is brought, provided the error or omission complained of, occurred during the coverage period. Furthermore, the plaintiff argues that under the analysis set forth in Murphy, the defendant has suffered no prejudice.
Part II of the amendatory endorsement to the policy CT Page 1180-E provides that the insurer will pay all sums that the insurer must legally pay as damages due to loss caused by the insured's negligent act, error or omission:
 C. provided that, at the effective date of this coverage, you had no knowledge of any circumstances which might result in a claim.
 D. After the policy period, provided that: the act, error or omission occurred during the policy period; and, you give us written notice of such act, error or omission during or within twelve months after the policy period.
The effective policy dates were from May 1, 1987, to May 1, 1988. It is undisputed that the defendant was first notified of the plaintiff's claim on March 18, 1991, beyond the twelve month reporting period.
In Murphy, the Supreme Court analyzed what role CT Page 1180-F prejudice, or its absence, should play in the enforcement of notice clauses in insurance policies; the Court recognizing that in appropriate circumstances, an insured, despite his own default, may be entitled to relief from the rigorous enforcement of policy provisions that would otherwise amount to disproportionate forfeiture. The Court, however, made no distinction between "claims made" and "occurrence" policies for purpose of analyzing the prejudicial effect upon the insurer from the insured's delayed notice. The Court stated "a proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage." Id., 417-18.
In light of the numerous affidavits and exhibits presented by both parties it would be inappropriate to grant summary judgment for either party since there appears to be a genuine issue of material fact as to whether the defendant was prejudiced by the lack of notice. Practice Book § 384.
Each motion for summary judgment is denied. CT Page 1180-G
Wagner, J.